U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JESSE JAMEEL DA'WAN<br>AKA JESSIE JONES, JR.<br>BOP # 14348-076 | CIVIL ACTION NO. 05-1285-A<br><br>SECTION P |
| VS. | JUDGE DRELL |
| WARDEN FREDERICK MENIFEE, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil action of Jesse Jameel Da'Wan filed on July 18, 2005. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is presently incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving a 300 month sentence imposed by the United States District Court for the Western District of Tennessee following his 1994 conviction on federal firearms charges.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

In 1994 petitioner was convicted of being a felon in possession of a firearm in the United States District Court for the Western District of Tennessee. He was sentenced to serve 300 months in custody. See U.S. v. Jones, 108 F.3d 668 (6th Cir. 1997).

He was also convicted of robbery, aggravated assault, and aggravated burglary in a Tennessee state court and sentenced to sentences totaling 20 years. See State v. Jones, 1997 WL 30354 (Tenn.Crim.App. Jan 28, 1997) (NO. 02C01-9512-CC-00382)

In this hybrid complaint, filed as an Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241, petitioner claims that his detention is illegal and in violation of his due process rights and that the computation of his sentence is illegal; he also complains of prison conditions and the violation of his religious rights.

With regard to the first claim, illegal detention, petitioner alleges that he was sentenced by the federal court on July 12, 1994; however, instead of an immediate transfer to the custody of the BOP, he was released to the custody of the State of Tennessee. Petitioner claims that this action voided his obligation to serve his federal sentence and that therefore his continued detention by the BOP is illegal. In support of his second claim, he claims that he was sentenced by the federal court on July 12, 1994. He was then released to the custody of the Tennessee authorities and remained in that state's custody for a period of eight years. He claims that his federal sentence should be reckoned from the date of sentencing and not from the date he entered federal custody following his release from state custody. In other words, he claims that his federal sentence

2

should be concurrent with his state sentence.

In his third claim petitioner claims that he has been subjected to cruel and inhumane treatment because as an inmate he is forced to live in a cell with other men. He claims that this violates his religious beliefs because such conditions promote homosexuality.

In his fourth claim petitioner argues that the defendants have interfered with his right to the free exercise of his religion because they do not allow him the opportunity to "...fellowship with and be ministered to by women ministers or pastors and not allowing [him] to teach and preach to them." Petitioner claims that he believes that God is a woman and faults the defendants because they make no effort to "...get women to worship and have Bible study..." with him. Thus, he concludes, he "...must practice, and worship conventionally or not at all..."[1]

## LAW AND ANALYSIS

1. Claims One and Two (Sentencing)

Petitioner's first two claims, those dealing with the computation of his sentence, are proper subjects of a writ of

---

[1] Petitioner apparently relies upon the following passages found in the Thirty-third Chapter of the Book of Jeremiah at verses 16-17 as support for his theology: "In those days shall Judah be saved, and Jerusalem shall dwell safely: and this is the name wherewith she shall be called, The LORD our righteousness.

For thus saith the LORD; David shall never want a man to sit upon the throne of the house of Israel;"

*habeas corpus.*

Petitioner's first claim asserts that petitioner's transfer to the custody of Tennessee authorities following the imposition of his federal sentence voided the federal sentence. He offers no support for this illogical conclusion, however.

He then contends that the BOP has miscalculated his sentence. He argues in essence that his federal sentence should be <u>concurrent</u> with the sentence imposed by the Tennessee state court.[2] In order to prevail on this claim, he must show that the imposition of consecutive sentences in his case is a violation of the United States Constitution or federal law.

The constitution affords no right to have state and federal sentences run concurrently. See <u>United States v. Dovalina</u>, 711 F.2d 737, 739 (5th Cir.1983). Nor do federal statutes afford prisoners the <u>right</u> to concurrent sentences. See for example, 18 U.S.C. § 3584(a), which provides:

> (a) Imposition of concurrent or consecutive terms. - If multiple terms of imprisonment are imposed on a defendant at the same time, or <u>if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively</u>, except that the terms may not run consecutively for an attempt and for another offense that was

---

[2] Petitioner contends that his federal sentence should have begun on the date he was sentenced in federal court and then released to the custody of the Tennessee authorities. This is simply another way of stating that the federal and state sentences should be served concurrently.

4

the sole objective of the attempt. Multiple
terms of imprisonment imposed at the same
time run concurrently unless the court orders
or the statute mandates that the terms are to
run consecutively. <u>Multiple terms of
imprisonment imposed at different times run
consecutively unless the court orders that
the terms are to run concurrently.</u>

Since petitioner has shown neither a violation of the United States Constitution nor of federal law, the fact that the BOP considers petitioner's federal sentence to run consecutive to the later-imposed state sentence does not entitle the petitioner to *habeas* relief under § 2241. The BOP's decision is consistent with well-settled federal law regarding consecutive sentences when the federal judgment is silent on the matter.[3] Petitioner's attack on the <u>manner</u> in which his federal sentence is being executed fails.

To the extent that petitioner seeks to amend or modify the federal criminal judgment to reflect otherwise, he must pursue such relief in a second or successive § 2255 motion in the Sixth Circuit Court of Appeals.[4]

---

[3] The undersigned presumes for the purpose of this Report that the United States District Court for the Western District of Tennessee was silent on the matter. If that court specified that the federal sentence would run consecutive to the state sentence, then petitioner would clearly have no claim in this court and his claim would be raised in accordance with the provisions of 28 U.S.C.§2255. If that court specified that the federal sentence would be concurrent to the state sentence, then clearly petitioner would have produced the necessary court documents to confirm that fact.

[4] Petitioner apparently filed at least one previous §2255 motion in the Western District of Tennessee. See <u>Jones v. USA</u>,

In short, it is recommended that petitioner's petition for habeas corpus (28 U.S.C. §2241) be denied and dismissed with prejudice for failing to state a claim for which relief may be granted.

### 2. Claims Three and Four
### (Conditions of Confinement/Practice of Religion)

Petitioner's final claims do not appear to be claims appropriate to a petition for *habeas corpus*; instead, these claims appear to allege a violation of petitioner's civil rights, and therefore such claims must be presented in accordance with the provisions of 42 U.S.C. § 1983 or its federal analogue, Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "Generally, [civil rights] suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir.1989)." Carson v. Johnson, 112 F.3d 818, 820.

The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the

---

No. 94-cv-1271 (USDC - WD Tenn. 1994).

prisoner] to accelerated release," Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), cert. denied, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a [civil rights] suit.

As shown above, this petition asserts two *habeas* claims; however, the other claims asserted are clearly civil rights claims complaining of the conditions of his confinement. Since the putative defendants in these claims are federal agents, the claims are more appropriately raised in accordance with Bivens, supra.

A district court may construe a *habeas* petition attacking conditions of confinement as a civil rights action. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). However, in this case, by filing his *habeas* and civil rights claims together, petitioner has avoided the payment of costs associated with civil rights claims. Accordingly, it is recommended that petitioner's civil rights claims (Claims Three and Four) be dismissed so that petitioner may (if he so chooses) re-file these Bivens claims accordingly. The undersigned observes that the costs associated with such a filing are $250.00. The undersigned also observes that petitioner has been barred by at least one United States Court from litigating claims *in forma pauperis*. See Jesse Jameel Dawan v. Patricia Cunningham, No. 1:96-cv-01199 (United States District Court, Western District of

Tennessee) at Doc. 3. The undersigned also observes that the Bivens claims asserted herein appear to be frivolous. Finally, the undersigned observes that with respect to the Bivens claims, petitioner admits that he has failed to exhaust available administrative remedies as mandated by the provisions of 42 U.S.C. §1997e(a). Petitioner suggests, however, that he is exempt from the exhaustion requirement because prison regulations require him to submit his grievances under his given name, Jessie Jones, and his grievances filed under his present name (Da'Wan) are rejected by the prison authorities. [See Doc. 2, page 9, Exhibit 6] Should petitioner decide to pursue his Bivens claim in a civil rights complaint, he should be prepared to site statutory and/or jurisprudential support for his claimed exemption.

In short, petitioner should carefully consider his options before deciding whether to re-file these civil rights claims.

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED** with prejudice for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights claims (Claims Three and Four) be **DISMISSED WITHOUT PREJUDICE** as having been asserted in an incorrect context.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

8

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _December_____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE